# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

SALLY A. CEVASCO,        \*

                             \*     No. 23-530V

           Petitioner,    \*     Special Master Christian J. Moran

                             \*

v.                         \*     Filed:  June 30, 2026

                             \*

SECRETARY OF HEALTH    \*

AND HUMAN SERVICES,    \*

                             \*

           Respondent.    \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Elizabeth Martin Muldowney</u>, Sands Anderson PC, Richmond, VA, for petitioner;
<u>Traci R. Patton</u>, United States Dep't of Justice, Washington, DC, for respondent.

## <u>UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS</u>[1]

Pending before the Court is petitioner Sally A. Cevasco's motion for final attorneys' fees and costs. She is awarded **$56,141.31**.

## I.    <u>Procedural History</u>

On April 18, 2023, Ms. Sally A. Cevasco ("petitioner") filed a petition for compensation under the Nation Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 through 34. In an amended petition, Ms. Cevasco alleged that an influenza vaccine she received on January 11, 2021, damaged her ulnar nerve.

---

[1] Because this published decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This posting means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

Amended Petition ("Pet."), filed May 27, 2025. Ms. Cevasco was found not entitled to compensation. Entitlement Decision, 2025 WL 1696786 (May 27, 2025).

On September 5, 2025, petitioner filed a motion for attorneys' fees and costs ("Fees App."). Petitioner requests attorneys' fees in the amount of $48,536.40, and attorneys' costs in the amount of $7,604.91, for a total request of $56,141.31. Fees App. at 4-5. Additionally, counsel represents that petitioner did not personally incur costs related to the prosecution of this case. Ex. 50 at 1. On September 18, 2025, respondent responded to petitioner's motion with his boilerplate response. Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." Response at 1. Respondent adds, however that he "defers to the court regarding whether the statutory requirements for an award of attorneys' fees and costs are met in this case." Id at 2. Additionally, he recommends "that the Court exercise its discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 4. Petitioner filed a reply on October 9, 2025.

## II.    <u>Reasonable Amount of Attorneys' Fees and Costs</u>

Although compensation was denied, petitioners who bring their petitions in good faith and who have a reasonable basis for their petitions may be awarded attorneys' fees and costs. 42 U.S.C. § 300aa-15(e)(1). In this case, although petitioner's claim was ultimately unsuccessful, the undersigned finds that good faith and reasonable basis existed throughout the matter. A final award of reasonable attorneys' fees and costs is therefore proper in this case and the remaining question is whether the requested fees and costs are reasonable.

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.    Reasonable Hourly Rates

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation.  Avera, 515 F.3d at 1349.  There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower.  Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl.  Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).  In this case, all the attorneys' work was done outside of the District of Columbia.

Petitioner requests the following hourly rates for the work of Petitioner requests the following hourly rates for the work of her counsel, Ms. Elizabeth Muldowney: $408.00 per hour for work performed in 2021, $421.00 per hour for work performed in 2021, $450.00 per hour for work performed in 2023, $475.00 per hour for work performed in 2024, and $510.00 per hour for work performed in 2025. See Fees App. at 5, Ex. 48. Petitioner also requests $482.00 per hour for work performed in 2023, by attorney Ramon Rodriguez, III, and between $166.00-$210.00 per hour for paralegal work performed from 2023-2025. See id. The hourly rates requested by Ms. Muldowney, Mr. Rodriguez, and the supporting paralegals for all time billed through 2025 are reasonable and consistent with our prior determinations and shall be awarded. See, e.g., Derkach v. Sec'y of Health & Hum. Servs., No. 17-1648V, 2025 WL 3754119 (Fed. Cl. Spec. Mstr. Dec. 4, 2025); Parker v. Sec'y of Health & Hum. Servs., No. 17-917V, 2025 WL 1836689 (Fed. Cl. Spec. Mstr. May 19, 2025).

B.    Reasonable Number of Hours

The undersigned has reviewed the submitted billing entries and finds the request to be reasonable. The billing entries contain sufficient detail to permit the undersigned to assess their reasonableness, and upon review none appear to be objectionable. Respondent also has not indicated that he finds any of the billing entries to be objectionable.

Therefore, petitioner is awarded final attorneys' fees in the amount of **$48,536.40**.

3

### C. Costs Incurred

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Hum. Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994). Petitioner requests a total of $7,604.91 in attorneys' costs. Ex. 48 at 1-2. These costs are comprised of acquiring medical records, copies, the Court's filing fee, and expert services provide by Dr. Mark Bodor billed at $500.00 per hour for 780 minutes (13 hours) of work performed in 2024. See id.; see also Ex. 39.  The requested rate is consistent with what Dr. Bodor has been previously awarded, and the total amount requested is reasonable for the work he performed in this case. See Lagle v. Sec'y of Health & Hum. Servs., No. 16-1053V, 2024 WL 4043675, at *2 (Fed. Cl. Spec. Mstr. June 27, 2024). The undersigned has reviewed all of the costs and finds them to be reasonable. Respondent did not object to the costs sought. Accordingly, the attorneys' costs shall be fully reimbursed. Petitioner is therefore awarded final attorneys' costs in the amount of **$7,604.91**.

## III. Conclusion

The Vaccine Act permits an award of reasonable attorney's fees and costs. 42 U.S.C. § 300aa-15(e). Accordingly, the undersigned awards attorneys' fees and costs as follows: a lump sum of **$56,141.31** (representing $48,536.40 in attorneys' fees and $7,604.91 in attorneys' cost incurred costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.